UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JONATHAN TORRES                          :
                                         :
            Plaintiff,                   :
                                         :      13 Civ. 233 (HB)
        - against -                      :
                                         :      **OPINION & ORDER**
NATIONAL RAILROAD PASSENGER              :
CORPORATION d/b/a AMTRAK,                :
                                         :
            Defendant.                   :
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

Plaintiff Jonathan Torres ("Plaintiff") brings claims pursuant to New York Labor Law §§ 200, 240(1), 241(6) for personal injuries sustained while working on a construction site owned by Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Defendant"). Before the Court is a motion for summary judgment brought by Defendant. Plaintiff cross-moves for partial summary judgment on his §§ 240(1) and 241(6) claims. For the reasons below, Defendant's motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff's motion for partial summary judgment is DENIED.

## BACKGROUND[1]

On May 28, 2010, Plaintiff was employed by Skanska and was assigned to work on Defendant's Ventilation Shaft Project, in shaft number 4. (Def.'s 56. 1 ¶ 9.) Plaintiff was working on the "bench level," which is approximately 85-97 feet below the top of the shaft and midway between the top of the tunnel and the track bed. (Torres Dep. 94:18-24; Dumm Dep.43:9-44:2.) Skanska carpenter Kevin Egan was dismantling scaffolding about nine feet above ground level. (Joseph Decl. Ex. I, Skanska Incident Report.) In the course of this task, Egan dropped a wooden plank that he was carrying by hand by himself. (*Id*.) The plank "[struck] a concrete wall then ricochet[ed] off [the] wall striking [Plaintiff] in the back of the head." (*Id*; Zazzera Dep. 70:9-10). The plank fell about fifteen feet before hitting the Plaintiff. (Zazzera Dep. 73:16-74:3; Def.'s Reply Mem. at 5.) The Plaintiff was not directly underneath the scaffold

---

[1] These facts are undisputed unless otherwise noted.

1

that was being dismantled, and was about 20 feet away from it. (Zazzera Dep. 102:9-15). The wooden plank that struck Plaintiff was approximately ten feet long, 12 inches wide and 1 inch deep. (*Id.* at 56: 7-21). There is disputed testimony with respect to how much the plank weighed, ranging between approximately 40 pounds to 80-100 pounds. (Zazzera Dep. 57: 2-5; Parr Aff. ¶10A; Dumm Dep. 62: 4-7; Burdett Aff. ¶ 3). When hit by the scaffold, the Plaintiff was struck on the top of his head and knocked to his bottom. (Pl.'s and Def.'s 56.1 ¶ 17). His hard hat was cracked as a result of the impact. (*Id.* at ¶ 18).

## DISCUSSION[2]

Summary judgment is appropriate "only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). The Court must "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in that party's favor." *Id.* "The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). "Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Id.*

### A. Labor Law § 200

Labor Law § 200 is "a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site." *Rizzuto v. L.A. Wenger Contracting Co., Inc.*, 91 N.Y.2d 343, 352 (1998). The Plaintiff has not addressed or made any arguments in opposition to Defendant's motion for summary judgment on Plaintiff's Labor Law § 200 claim. "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." *Maher v. Alliance Mortgage Banking Corp.,* 650 F. Supp. 2d 249, 267 (E.D.N.Y. 2009)(internal quotation and citation omitted); *see also Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11

---

[2] The Defendant urges the Court to disregard Plaintiff's expert's affidavit because Plaintiff has not yet submitted an expert report. The Defendant raised this issue during briefing and requested additional time in order to "assess the necessity of consulting with and/or retaining an expert," which the Court granted. Dckt. Entry 30. Indeed, the Defendant did file an expert affidavit with its reply brief. While I will of course give Plaintiff's expert affidavit only the weight it deserves, I decline to strike it entirely at this stage.

(S.D.N.Y. 1997) *aff'd*, 130 F.3d 1101 (2d Cir. 1997).  Accordingly, summary judgment is granted and the Labor Law § 200 claim is dismissed.

### B. Labor Law § 240(1)

Labor Law § 240(1) provides, in relevant part:

> All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

N.Y. Lab. Law § 240.  "The statute imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker." *Wilinski v. 334 E. 92nd Hous. Dev. Fund Corp.*, 18 N.Y.3d 1, 7 (2011)(internal citation and quotation mark omitted). The New York Court of Appeals has identified the "core premise" that guides the § 240(1) inquiry: "a defendant's failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents will result in liability." *Id.*

However, "[n]ot every falling object case is embraced by Labor Law § 240" *Rosado v. Briarwoods Farm, Inc.*, 19 A.D.3d 396, 398, 796 N.Y.S.2d 394 (2005); *see also Roberts v. Gen. Elec. Co.*, 97 N.Y.2d 737, 738, 768 N.E.2d 1127 (2002). "Rather, liability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein." *Narducci v. Manhasset Bay Associates*, 96 N.Y.2d 259, 267, 750 N.E.2d 1085 (2001).

Accordingly, in order to determine whether a holding of absolute liability is applicable under Labor Law § 240(1), I must decide first whether Plaintiff's injury "*directly flow[ed] from the application of the force of gravity to an object or person,*" *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 501 (1993)(emphasis in original), and second, whether "the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute." *Narducci*, 96 N.Y.2d at 268 (2001). It is undisputed that Plaintiff's injury resulted from the force of gravity, i.e., the fall of the plank from an elevation of 15 feet. *See* Def.'s Reply Mem. at 5 ("Amtrak has effectively conceded that the wooden plank in this case

3

fell approximately 15 feet"). However, a question of fact remains with respect to whether and how the scaffold could have been secured, and whether the failure to secure it was the cause of Plaintiff's injury.

At a minimum, the Defendant's and Plaintiff's experts differ with respect to whether the removal of the plank required the use of a hoist, brace or rope, as required for a finding of liability under § 240(1). Because a factual question remains regarding whether and how the plank which injured the Plaintiff could or should have been secured, neither party is entitled to summary judgment.

### C. Labor Law § 241(6)

"Under New York Labor Law § 241(6), owners and contractors are vicariously liable for injuries due to, *inter alia,* failure to provide workers with safety devices required by the New York Industrial Code." *Perez*, 2011 WL 96837 at *2 (E.D.N.Y. Jan. 11, 2011). Here, the Plaintiff claims that Defendant violated Industrial Code §§ 23-1.7, 23-1.16, 23-1.17, 23-1.19, 23-1.22, 23-1.3, 23-2.2, 23-2.5, 23-3.3, 23-5.1. The Defendant has moved for summary judgment on all sections except §§ 23-2.2 and 23-5.1.

#### 1. Industrial Code §§ 23-1.16, 23-1.17, 23-1.19. 23-1.22, 23-1.3

The Plaintiff has not made any arguments in opposition to Defendant's arguments that sections §§ 23-1.16, 23-1.17, 23-1.19. 23-1.22, 23-1.3 of the Industrial Code do not apply to this case. As such, the Court deems these claims abandoned and grants summary judgment to Defendant on them. *See Maher v. Alliance Mortgage Banking Corp.,* 650 F. Supp. 2d 249, 267 (E.D.N.Y. 2009).

#### 2. Industrial Code § 23-1.7

Industrial Code § 23-1.7 provides that "[e]very place where persons are required to work or pass that is normally exposed to falling material or objects shall be provided with suitable overhead protection." N.Y. Comp. Codes R. & Regs. tit. 12, § 23-1.7. The Code "set[s] forth specific standards for planking required for overhead protection." *Zervos v. City of New York*, 8 A.D.3d 477, 480, 779 N.Y.S.2d 106 (2004). Defendant argues that Plaintiff's work location was not "normally exposed to falling material or objects" because Plaintiff testified at his deposition that he had never seen nor heard of anything falling in that area and that this did not "normally" occur. Torres Dep. 127: 2-17. However, Skanska Site Safety Manager Philip Zazzera testified that he "spoke about

overhead hazards at least three, four times a week" as a result of "the nature of the project" as a "vertical project." Zazzera Dep. 35:2-10. This Court cannot conclude as a matter of law whether this work site is "normally exposed to falling material or objects." Thus, this constitutes another issue of material fact and must be left for the jury to decide.

### 3. Industrial Code § 23-2.5

Industrial Code § 23-25.1 states:

> (a) General. Persons required to perform work in or at shafts, other than elevator shafts, shall be provided with the following protection:
> (1) Protection from falling material. A tight covering consisting of planks at least two inches thick full size, exterior grade plywood at least three-quarters inch thick or material of equivalent strength shall be installed so as to cover the entire cross-sectional area of the shaft. *Such cover shall be located at a point in the shaft not more than two stories or 30 feet, whichever is less, above the level where persons are working.*

N.Y. Comp. Codes R. & Regs. tit. 12, § 23-2.5(emphasis added). It is undisputed that the plank which hit the Plaintiff fell approximately 15 feet. Thus, even if Defendant had complied with this regulation and placed a covering 30 feet or two stories (approximately 20 feet, according to Plaintiff, Pl.'s Opp. Mem. at 18) above the area where the Plaintiff was working, Plaintiff's injury would not have been prevented. Protection under Labor Law § 241 (6) only applies where injury is "due to" noncompliance with a relevant regulation. *Perez*, 2011 WL 96837 at *2 (E.D.N.Y. Jan. 11, 2011). Because the Plaintiff could have suffered the same injury even if Defendant had fully complied with this provision, Plaintiff's injury was not a result of Defendant's noncompliance. Thus, summary judgment is granted for Defendant on this claim.

### 4. Industrial Code § 23-3.3(c)

Industrial Code 23-3.3(c) states:

(c) Inspection. During hand demolition operations, continuing inspections shall be made by designated persons as the work progresses to detect any hazards to any person resulting from weakened or deteriorated floors or walls or from loosened material. Persons shall not be suffered or permitted to work where such hazards exist until protection has been provided by shoring, bracing or other effective means.

N.Y. Comp. Codes R. & Regs. tit. 12, § 23-3.3. The Industrial Code defines demolition as "[t]he work incidental to or associated with the total or partial dismantling or razing of a building or other structure including the removing or dismantling of machinery or other

5

equipment." N.Y. Comp. Codes R. & Regs. tit. 12, § 23-1.4. Based on the parties' descriptions, the work undertaken at this site constituted demolition. Def.'s & Pl.'s 56.1 ¶ 4. It is undisputed that Zazzera directed crew foremen to conduct daily inspections and document overhead hazards, and conducted daily inspections himself. Zazzera Dep. 30: 9-31: 12; 32: 12-18. The Defendant asserts that "[t]he thrust of this subdivision is to fashion a safeguard, in the form of 'continuing inspections', against hazards which are created by the progress of the demolition work itself." *Balladares v. Southgate Owners Corp.*, 40 A.D.3d 667, 670, 835 N.Y.S.2d 693 (2007)(internal citation omitted). However, dismantling scaffolding could be considered a hazard of the demolition work, and a jury could conclude that the plank was "loosened material" within the scope of the statute. Further, the record shows neither the sufficiency of the inspections nor that they would ensure that work was not conducted in dangerous areas. Thus, summary judgment with respect to Industrial Code 23-3.3(c) is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED with respect to Plaintiff's Labor Law § 200 claims and Labor Law § 241(6) claims based upon Industrial Code §§ 23-1.16, 23-1.17, 23-1.19, 23-1.22, 23-1.3, 23-2.5 and denied with respect to all other claims. Plaintiff's motion for summary judgment is DENIED. The Clerk of the Court is instructed close these motions and remove them from my docket.

SO ORDERED.

Date: 1/30/14
New York, New York

HAROLD BAER, JR.
United States District Judge